## No. 6087.

### THE STATE OF LOUISIANA VS. CHARLES HILL, ALIAS VINCENT.

| 28 | 311 |
| 51 | 1109 |

The error complained of in this case is that counsel for prisoner was not allowed to read in the presence of the jury the instructions which he had prepared for the judge, and was requested to hand them directly to the judge to be by him passed upon without oral discussion. In this it is impossible to see how any of the rights of defendant were invaded.

It would not have been proper for defendant's counsel to argue the merits of his requested instructions. The only question which could be inquired into was whether the charge of the judge was erroneous, or whether he had improperly refused to charge what the defendant asserted was the law governing his case. This is not attempted.

APPEAL from the Fourth Judicial District Court, parish of St. James. *Flagg*, J. Criminal case. *Morris Marks*, District Attorney. *A. P. Field*, Attorney General, for plaintiff and appellee. *Legendre & Poché*, for defendant and appellant.

MORGAN, J. The accused, charged with murder, was found guilty, without capital punishment. He relies upon a bill of exceptions to reverse the judgment of the district court.

After the evidence was closed and counsel for the State and the prisoner had argued the case the judge inquired if either counsel required that any special charge or instructions should be given to the jury, whereupon counsel for the accused informed the court that he had prepared three special charges which he proposed to read to the judge with a view to their being given to the jury. The district attorney objected to the charges being read to the judge and discussed in the presence of the jury, for the reason that such of the charges as might be overruled or refused by the judge might bias the minds of the jury. The objection was sustained; counsel for the prisoner was not allowed to read the instructions which he had prepared to the judge in the presence of the jury, and was required to hand them directly to the judge to be by him

passed upon without oral discussion. This is the action of the court which the appellant complains of.

We can not see wherein any of his rights are invaded. It would not have been proper for his counsel to argue the merits of his requested instructions. The only question which could be inquired into was whether the charge of the judge was erroneous, or whether he had improperly refused to charge what the defendant asserted was the law governing his case. It is not contended that there was any error in the judge's charge.

Judgment affirmed.